## IN THE MATTER OF THE ESTATE OF CHING LUM, DECEASED.

### No. 1940.

ARGUED MAY 20, 1930.                    DECIDED MAY 28, 1930.

PERRY, C. J., BANKS AND PARSONS, JJ.

OPINION OF THE COURT BY BANKS, J.

On the 3d day of July, 1929, Ching Sing and Ching Kwan were duly appointed by the circuit judge, sitting in probate, temporary administrators of the estate of Ching Lum, deceased. On July 11 of the same year Ching Yee Shee, under the provisions of section 2487, R. L. 1925, filed a petition for an allowance for the support of herself and minor children. The allowance was granted in the sum of $250 per month and the temporary administrators were ordered to pay it. It is from this order that the instant appeal was taken.

The temporary administrators moved to dismiss the petition on the ground that it does not appear therefrom that the petitioner was the lawful wife or is now the law-

ful widow of the intestate, Ching Lum. The motion was overruled and the case went to trial with the result above stated.

It is contended by the administrators that in the absence of an averment that the petitioner was lawfully married to and is the lawful widow of the deceased the petition does not state a case entitling her to the allowance which she seeks to obtain. The reason given for this conclusion is that under section 2487 only the lawful wife and legitimate children of a deceased person are entitled to the family allowance mentioned in the statute. The pertinent part of the section is as follows: "When a person dies leaving a widow or child or children, the widow or child or children, until letters are granted and the inventory is returned, are entitled * * * to a reasonable provision for their support, to be allowed by the circuit court, or a judge thereof, having jurisdiction of the matter of such estate." That the widow and children referred to are the lawful widow and legitimate children of the deceased person we think there can be no doubt. By lawful widow is meant, of course, a woman who had been legally married to her husband and who had continued to be his wife until his death; and by legitimate children is meant children born of such marriage. If this is not the only kind of widow and these are not the only kind of children intended by the statute to be provided for there would exist the anomalous possibility of awarding an allowance not only to a lawful widow and legitimate children but also to one or more spurious or putative widows and their illegitimate offspring. The legislature certainly did not intend to perpetrate any such absurdity. The statute manifestly contemplates a family allowance to one widow, and not to a plurality of widows, and to one kind of children only.

The remaining question therefore, so far as this aspect of the case is concerned, is whether the petition sufficiently alleges that the petitioner is the lawful widow of Ching Lum. The petition is as follows:

"Comes now Ching Yee Shee, and moves this honorable court to make provision for the support of herself and the minor children of herself and the deceased Ching Lum out of his estate during the pendency of this administration and to enter an order requiring the temporary administrators to make payment to your petitioner of such amounts as shall be found to be necessary and proper for such purpose and as grounds for such motion alleges and shows to the court the following facts, to-wit:

"That your petitioner, Ching Yee Shee, was married to the deceased, Ching Lum, at Macao, China, in the month of November, 1902, and was soon thereafter brought by the said Ching Lum to Honolulu and entered here as his wife; that at the time of said marriage of your petitioner with the said Ching Lum, he, the said Ching Lum, was a resident of Honolulu, visiting temporarily in China; that prior to her said marriage with the said Ching Lum, he, the said Ching Lum, represented to her that he was unmarried, stating that his wife had died; that your said petitioner believed said statements of the said Ching Lum and in reliance thereon entered into said marriage with him; that when the said Ching Lum reentered this country with your petitioner as his wife in 1903, he was examined by the immigration authorities at Honolulu under oath, and then and there swore that his first wife had died in China and that he had married your petitioner after the death of his first wife; that your petitioner believing that she was legally married lived with the said Ching Lum in Honolulu as his wife from April, 1903, until some time in the year 1919, during which time she bore him twelve children, five of whom, all minors, are now living with your petitioner in Honolulu; that in the year 1919 the said Ching Lum left the Territory of Hawaii and returned to China where he thereafter resided until his death; that at no time during the years that your petitioner resided with the said Ching Lum as his wife did

she ever hear or suspect that he had another and former wife living in China and she first heard of the existence of said wife in about the year 1923; that your petitioner does not now of her own knowledge know whether or not the said Ching Lum had, at the time of her marriage to him, another wife living as now claimed by the temporary administrators of his estate, but she says that if he did have such wife living at said time, she was deceived into contracting an illegal marriage with him in the belief that he was unmarried.

"Your petitioner further shows that she and the minor children of herself and the deceased Ching Lum are in destitute circumstances and entirely dependent upon such provision as the court shall make herein for her and their support.

"Premises considered, your petitioner prays that upon a hearing hereof this honorable court be pleased to enter an order allowing your petitioner a reasonable sum to be paid out of the estate of the deceased Ching Lum for the support of herself and said minor children during the pendence of this administration."

There is no specific allegation of a lawful marriage. There is an allegation that the petitioner was married to Ching Lum at Macao, China, in November 1902, and that he afterwards brought her to Honolulu and entered her as his wife and thereafter lived with her as her husband and begat children by her. If this were the only allegation regarding marriage it probably would be sufficient on the assumption that a legal marriage was implied and would have to be proven. There are, however, other allegations concerning the marriage which render it doubtful whether the petitioner intended to base her claim to an allowance on a legal or an illegal marriage.

The material portions of the allegations to which we refer are in substance that the petitioner at no time during the years that she lived with Ching Lum as his wife ever heard or suspected that he had another wife living in China and that not until the year 1923, which was after

he had left her and returned to China, did she hear of the existence of such a wife and that she does not now of her own knowledge know whether or not he had at the time of her marriage to him another wife living but that if he did have she (the petitioner) was deceived into contracting an illegal marriage with him in the belief that he was unmarried.

These allegations, taken in connection with the preceding one of marriage, render it uncertain whether the claim for an allowance is predicated on a lawful marriage which would entitle her to the allowance or on an unlawful marriage, into which she was beguiled by the false and fraudulent misrepresentation of Ching Lum that he had no wife living, which marriage, though innocently entered into by her, would not entitle her to the allowance. If the petitioner intended to base her claim on a lawful marriage she should have alleged such marriage in clear and unmistakable terms and should not have so framed her pleading as to leave it in doubt whether such marriage ever existed.

For the foregoing reasons we think the motion to dismiss the petition should have been sustained.

Inasmuch as a new trial will have to be upon an amended petition, if one is filed, we deem it unnecessary to decide the other question presented.

The order appealed from is reversed and the case remanded with instructions to take such further proceedings as are not inconsistent with this opinion.

*I. M. Stainback* and *A. J. Busheck* (*Huber, Kemp & Stainback* and *A. J. Busheck* on the briefs) for petitioner-appellee.

*A. G. M. Robertson* (*E. A. Mott-Smith, Carrick H. Buck* and *Robertson & Castle* on the briefs) for the temporary administrators.